# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CARLA HAJEK and GREGORY
HAMMERLUND, individually and on
behalf of all others similarly situated,

                    Plaintiffs,

        v.

DATACOMP APPRAISAL SYSTEMS, INC.;
EQUITY LIFESTYLE PROPERTIES, INC.;
HOMETOWN AMERICA MANAGEMENT,
L.L.C.; LAKESHORE COMMUNITIES,
INC.; SUN COMMUNITIES, INC.; RHP
PROPERTIES, INC.; YES! COMMUNITIES,
INC.; INSPIRE COMMUNITIES, L.L.C.;
KINGSLEY MANAGEMENT, CORP.; and
CAL-AM PROPERTIES, INC.,

                    Defendants.

Case No. 1:23-cv-06715

Hon. Franklin U. Valderrama

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS UNOPPOSED
MOTION TO REASSIGN RELATED CASES PURSUANT TO LOCAL RULE 40.4, FOR
CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42, AND FOR A SCHEDULE TO
FILE A CONSOLIDATED COMPLAINT AND FOR DEFENDANTS TO RESPOND**

## I.    BACKGROUND

This lawsuit is the first filed of several now pending in this District that make substantively identical allegations and claims.[1] Each case asserts that the Manufactured Home Community Defendants[2] have coordinated to increase manufactured home lot rents systematically and unlawfully by purchasing and using market reports published by Defendant Datacomp Appraisal Systems, Inc. ("Datacomp")—the "JLT Market Reports." Each complaint asserts the same three causes of action—price-fixing in violation of Section 1 of the Sherman Act (15 U.S.C. § 1), information exchange in violation of Section 1 of the Sherman Act (15 U.S.C. § 1), and unjust enrichment. All complaints plead nearly identical proposed class definitions.

As explained below, the near-total overlap of these cases means that they easily meet Local Rule ("L.R.") 40.4's criteria for reassignment, and that they should be reassigned to this Court which is presiding over the lowest-numbered case, *Hajek*. Plaintiffs further submit that if the Court grants reassignment, consolidation of all pending and future actions alleging the misconduct Plaintiffs first complained of is appropriate under Federal Rule of Civil Procedure 42. *See* Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."). Finally, should the Court grant reassignment and consolidation,

---

[1] *Sailer, et al. v. Datacomp Appraisal Systems, Inc., et al.*, No. 1:23-cv-14565 (N.D. Ill.) ("*Sailer*") (complaint attached hereto as Exhibit 1); *Moffat, et al. v. Datacomp Appraisal Systems, Inc., et al.*, No. 1:23-cv-14571 (N.D. Ill.) ("*Moffat*") (complaint attached hereto as Exhibit 2); *Kazmirzak, et al. v. Datacomp Appraisal Systems, Inc., et al.*, No. 1:23-cv-14598 (N.D. Ill.) ("*Kazmirzak*") (complaint attached hereto as Exhibit 3); *Zuccolotto v. Datacomp Appraisal Systems, Inc., et al.*, No. 1:23-cv-14797 (N.D. Ill.) ("*Zuccolotto*") (complaint attached hereto as Exhibit 4); and *Harris, et al. v. Datacomp Appraisal Systems, Inc., et al.*, No. 1:23-cv-14847 (N.D. Ill.) ("*Harris*") (complaint attached hereto as Exhibit 5).

[2] Equity LifeStyle Properties, Inc., Hometown America Management, L.L.C., Lakeshore Communities, Inc., Sun Communities, Inc., RHP Properties, Inc., YES! Communities, Inc., Inspire Communities, L.L.C., Kingsley Management, Corp., Cal-Am Properties, Inc., and Murex Properties, L.L.C. Defendant Murex Properties, L.L.C. was named only in the *Zuccolotto* and *Kazmirzak* actions.

Plaintiffs propose a schedule pursuant to which Plaintiffs would file a consolidated complaint and Defendants would respond.

Counsel for Plaintiffs has conferred with counsel for Defendants and counsel for the plaintiffs in the *Sailer, Moffat, Kazmirzak*,[3] *Zuccolotto*, and *Harris* actions, and none oppose the requested relief.[4]

## II. SUMMARY OF THE CASES

### a. *Hajek* Action

The present case, *Hajek*, was filed on August 31, 2023, more than a month before any of the related cases were filed, and was assigned to this Court. *Hajek* alleges that manufactured home community owners, including the named Manufactured Home Community Defendants, conspired with each other to systematically increase manufactured home lot rents and unlawfully exchanged non-public, competitively sensitive information through the JLT Market Reports. Compl. ¶¶ 5, 62, 67-83. The *Hajek* case is in its earliest stages; Defendants have not responded to the complaint, and the parties have not yet filed the Joint Initial Status Report. Counsel for Plaintiffs and Defendants have communicated, though, about Defendants' time to answer or otherwise respond to the Complaint. On September 25, 2023, Defendants filed their Unopposed Motion for Extension of Time to Respond to Plaintiffs' Complaint. ECF No. 44. The Court granted the Motion extending the deadline for Defendants to respond to Plaintiffs' complaint to November 6, 2023. ECF No. 49.

---

[3] The underlying counsel for the *Hajek* Plaintiffs also represent the *Kazmirzak* Plaintiffs.

[4] Plaintiffs renew its previously filed Motion (*see* ECF No. 73) and confirm that all parties, including those named Defendants that have not appeared in the underlying or other actions alleged to be related, do not oppose this Motion. *See* Declaration of Brian M. Hogan in Support of Plaintiffs' Unopposed Motion to Reassign Related Cases Pursuant to Local Rule 40.4, for Consolidation Pursuant to Fed. R. Civ. P. 42, and for a Schedule to File a Consolidated Complaint and for Defendants to Respond, filed herewith.

Additionally, counsel for Plaintiffs and Defendants have communicated regarding the instant motion.

### b. The Cases Subject to Reassignment

As shown in the following chart, pending in this District are five other cases that are the subject of this Motion.

| Case Name | Case Number | Date Filed | Assigned Judge |
|---|---|---|---|
| *Sailer, et al. v. Datacomp Appraisal Systems, Inc., et al.* | 1:23-cv-14565 | October 5, 2023 | Judge Jeremy C. Daniel |
| *Moffat, et al. v. Datacomp Appraisal Systems, Inc., et al.* | 1:23-cv-14571 | October 5, 2023 | Judge Jeremy C. Daniel |
| *Kazmirzak, et al. v. Datacomp Appraisal Systems, Inc., et al.* | 1:23-cv-14598 | October 6, 2023 | Judge Joan B. Gottschall |
| *Zuccolotto v. Datacomp Appraisal Systems, Inc., et al.* | 1:23-cv-14797 | October 12, 2023 | Judge Thomas M. Durkin |
| *Harris, et al. v. Datacomp Appraisal Systems, Inc., et al.* | 1:23-cv-14847 | October 12, 2023 | Judge Sara L. Ellis |

These complaints are nearly identical to each other. All of them allege that the Manufactured Home Community Defendants have conspired to fix manufactured home lot rents and exchanged non-public, competitively sensitive information through Datacomp's JLT Market Reports, including information about manufactured home lot rental prices and occupancy rates, among other things, throughout the United States. And all of them assert the same three causes of action. Defendants have not responded to any of these complaints, and there has been no substantive activity in any of these cases.[5]

---

[5] Local Rule 40.4 allows cases to be reassigned and consolidated even if defendants have not yet filed an answer or other responsive pleading. "[T]he Local Rule's general commentary concerning the timing of motions to reassign, by its terms, does not prohibit the reassignment or consolidation of cases

### III.     THE CASES MEET LOCAL RULE 40.4'S CRITERIA FOR RELATEDNESS

L.R. 40.4 allows related cases pending in this District to be reassigned to the judge presiding over the earliest-filed case. Under L.R. 40.4(a), two civil cases are related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same.

L.R. 40.4(b) provides that if two cases are related, as defined by L.R. 40.4(a), the later-filed action may be reassigned to the judge presiding over the lower-numbered docket if the following conditions are met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

All of the cases identified above meet the criteria for reassignment to this Court: (1) the cases are related to *Hajek* per the Rule's criteria, (2) reassignment is "likely to result in substantial saving of judicial time and effort," (3) reassignment is not "likely to delay the proceedings in the earlier case substantially," and (4) the cases are "susceptible of disposition in a single proceeding." L.R. 40.4(a),(b).

---

prior to the filing of a responsive pleading." *KPASA, LLC v. U.S.,* 2004 WL 1144053, at *4 (N.D. Ill. May 17, 2004) (discussing Local Rule 40.4). Further, this district has granted motions for reassignment and consolidation before responsive pleadings were filed in past antitrust class actions. *See e.g., Kleen Products, LLC v. Packaging Corp. of America,* No. 1:10-cv-05711 (N.D. Ill. Oct. 18, 2010), ECF 51; *In re Broiler Chicken Antitrust Litig.* No. 1:16-cv-08637 (N.D. Ill. Oct. 5, 2016), ECF 108; and *In Re: Humira Antitrust Litig.* No. 1:19-cv-01873 (N.D. Ill. June 4, 2019), ECF 92.

**A.     The Actions Are Related**

*Hajek* and the other cases are related because they involve the same issues of fact and law and plead identical classes. L.R. 40.4(a)(2)(4). Regarding factual issues, all plaintiffs allege that Defendants' use of Datacomp's reports facilitated the sharing of non-public, competitively sensitive information about manufactured home lot rental prices and occupancy, among other things, throughout the United States. *See Hajek* Compl. ¶¶ 5, 62, 67-83; *Sailer* Compl. ¶¶ 5, 63, 68-89; *Moffat* Compl. ¶¶ 5, 63, 68-89; *Kazmirzak* Compl. ¶¶ 5-6, 67, 72-90; *Zuccolotto* Compl. ¶¶ 5, 64, 69-92; and *Harris* Compl. ¶¶ 6, 67, 72-89. Regarding legal issues, the question of law asserted in each complaint—whether Defendants engaged in a conspiracy in violation of Section 1 of the Sherman Act and whether Defendants were unjustly enriched—are the same. *See Hajek* Compl. ¶ 140; *Sailer* Compl. ¶ 137; *Moffat* Compl. ¶ 135; *Kazmirzak* Compl. ¶ 145; *Zuccolotto* Compl. ¶ 136; and *Harris* Compl. ¶ 124. *See, e.g.*, *Pochert v. Blatt, Hasenmiller, Leibsker & Moore*, 2011 WL 4007731, at *2 (N.D. Ill. Sept. 9, 2011) (reassigning cases because the "causes of action in each complaint are identical, as is the language in the majority of numbered paragraphs"). Regarding the class definitions, the proposed definitions are nearly identical. *See Hajek* Compl. ¶ 137; *Sailer* Compl. ¶ 134; *Moffat* Compl. ¶ 132; *Kazmirzak* Compl. ¶ 142; *Zuccolotto* Compl. ¶ 134; and *Harris* Compl. ¶ 121. Therefore, L.R. 40.4(a)'s requirements are satisfied.

**B.     The Related Actions Should Be Reassigned to the Honorable Franklin U. Valderrama**

The actions also satisfy the four conditions for reassignment of related actions. L.R. 40.4(b). *First*, all cases are pending in the Northern District of Illinois. *See* L.R. 40.4(b)(1).

*Second*, the reassignment of all cases would save substantial time and effort. See L.R. 40.4(b)(2). Given the overlapping defendants, factual allegations, legal claims, and relief, "[i]t

would be a waste of limited judicial resources to require two judges to expend the time and effort necessary to understand the [legal and] factual issues involved in both cases when it could simply be handled by one judge." *Helferich Pat. Licensing, L.L.C. v. N.Y. Times Co.*, 2012 WL 1368193, at *3 (N.D. Ill. Apr. 19, 2012); *see also Popovich v. McDonald's Corp.*, 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002) ("because of the overlap in issues, the handling of both cases by one judge is likely to result in a substantial savings of time and effort"). Beyond discovery, reassignment would avoid the risk of inconsistent rulings on the merits of whether Defendants' alleged conduct violated Section 1 of the Sherman Act or common law.

*Third*, these cases easily satisfy the requirement that reassignment must not "be likely to delay the proceedings in the earlier case substantially." L.R. 40.4(b)(3). No responsive pleadings have been filed in *Hajek*, so the other cases will not delay it.

*Fourth*, the cases are susceptible of disposition in a single proceeding. *See* L.R. 40.4(b)(4). Because of the complete overlap of the factual allegations and legal claims, the cases are capable of disposition in one proceeding. *See Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 WL 2515984, at *4 (N.D. Ill. June 18, 2019) (explaining that when "witnesses, counsel, and many of the facts are the same or substantially similar[,]" "two cases can be handled most efficiently in the same proceeding"); *Helferich*, 2012 WL 1368193, at *3 (L.R. 40.4(b)(4) is satisfied when cases "involve fundamentally similar claims and defenses that will likely be amendable to dispositive treatment in unified proceedings"). Here, the actions involve substantially similar allegations, the same class definition, identical legal claims, and overlapping parties, and they seek the same monetary and equitable relief for the same alleged conduct. Resolving these issues in one action will resolve them in all.

## IV.    CONSOLIDATION OF THESE ACTIONS IS APPROPRIATE

Under Federal Rule of Civil Procedure 42(a), the Court may consolidate actions that "involve a common question of law or fact." All the actions before the Court—each one a class action brought on behalf of manufactured home lot residents—challenge the same allegedly anticompetitive conduct by Defendants. Consolidating the actions into a single proceeding, with 1:23-cv-06715, the *Hajek* action, serving as the master docket, will promote the efficient resolution of the actions and avoid unnecessary duplication. Plaintiffs further propose that the consolidated action be renamed *In re Manufactured Home Lot Rents Antitrust Litigation*.

The parties have agreed to the following schedule should the Court grant reassignment and transfer the other actions to this Court and consolidate all actions:

- 45 days after consolidation: Plaintiffs file their Consolidated Complaint;

- 45 days after the deadline for Plaintiffs to file their Consolidated Complaint: Defendants answer, move, or otherwise respond to the Consolidated Complaint;

- 45 days after the deadline for Defendants to answer, move, or otherwise respond to the Consolidated Complaint: Plaintiffs file an opposition to any motion to dismiss filed by Defendants; and

- 30 days after the deadline for Plaintiffs to file an opposition to any motion to dismiss filed by Defendants: Defendants file a reply to Plaintiffs' opposition to their motion to dismiss.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a finding that: (1) *Hajek* and *Sailer*, *Moffat*, *Kazmirzak*, *Zuccolotto*, and *Harris* are related within the meaning of L.R. 40.4; (2) *Sailer*, *Moffat*, *Kazmirzak*, *Zuccolotto*, and *Harris*, and all future actions about the misconduct Plaintiffs first complained of, should be reassigned to this Court and consolidated with *Hajek*; (3) the proposed schedule be set for Plaintiffs to file a Consolidated Complaint and for Defendants to respond; and (4) the consolidated action should be renamed *In re Manufactured*

*Home Lot Rents Antitrust Litigation*. Additionally, the *Hajek* Plaintiffs respectfully request that the Court's Order be forwarded to the Executive Committee together with a request that the Executive Committee reassign *Sailer*, *Moffat*, *Kazmirzak*, *Zuccolotto*, and *Harris* to this Court.

Dated: October 24, 2023                     Respectfully Submitted,

*/s/ Brian M. Hogan*

Brian M. Hogan
Adam J. Levitt
John E. Tangren
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
bhogan@dicellolevitt.com
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com

Gregory S. Asciolla*
Karin E. Garvey*
Jonathan S. Crevier*
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
gasciolla@dicellolevitt.com
kgarvey@dicellolevitt.com
jcrevier@dicellolevitt.com

Reena Gambhir*
**HAUSFELD LLP**
888 16th Street NW, Suite 300
Washington, DC 20006
(202) 540-7200
rgambhir@hausfeld.com

Scott Martin*
Kyle Bates*
Kartik S. Madiraju*
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, New York 10004
(646) 357-1100

smartin@hausfeld.com
kbates@hausfeld.com
kmadiraju@hausfeld.com

Megan E. Jones*
**HAUSFELD LLP**
600 Montgomery Street, #3200
San Francisco, California 94111
(415) 633-1908
mjones@hausfeld.com

Myron Cherry
Jacie Zolna
Benjamin Swetland
**MYRON M. CHERRY & ASSOCIATES LLC**
30 N. LaSalle Street, Suite 2300
Chicago, Illinois 60602
mcherry@cherry-law.com
jzolna@cherry-law.com
bswetland@cherry-law.com

*admitted *pro hac vice*

***Counsel for Plaintiffs and the Proposed Class***