UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE MANUFACTURED HOME LOT RENTS ANTITRUST LITIGATION | Case No. 1:23-cv-06715<br><br>Hon. Franklin U. Valderrama |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." Fed. R. Civ. P. 16(b)(4).

I.  **Nature of the Case**

   A.  **Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

   DiCello Levitt LLP and Hausfeld LLP have been appointed interim co-lead class counsel for Plaintiffs. Brian M. Hogan of DiCello Levitt LLP is Liaison Counsel for Plaintiffs. Attorneys of record for Plaintiffs are listed in Exhibit A, and attorneys of record for Defendants are listed in the signature block.

   B.  **State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes.** *See* **Heinen v. Northrop Grumman Corp., 671 F.3d 669 (7th Cir. 2012).**

   **If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things. First, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business. Second, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity.** *See* **Belleville Catering Co. v. Champaign Market Place LLC, 350 F.3d 691 (7th Cir. 2003); Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir. 1998); Carden v. Arkoma Assoc., 494 U.S. 185 (1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15(a), 26).

C. **Provide a short overview of the case in plain English (five sentences or less).**

This proposed class action is brought on behalf of persons who paid rent for manufactured and modular home lots located in manufactured home communities that were included in JLT Market Reports between August 31, 2019 and the present. Plaintiffs allege that the exchange of non-public, competitively sensitive information through Defendant Datacomp's JLT Market Reports allowed the manufactured home community Defendants to carry out a price fixing conspiracy to artificially inflate manufactured home lot rents in violation of Section 1 of the Sherman Act and common law. Plaintiffs further allege that, as a result of Defendants' price fixing conspiracy, Plaintiffs and members of the proposed class—many of whom are among society's most vulnerable populations—have been forced to overpay for their lot rents, something they can ill afford to do.

Defendants deny Plaintiffs' allegations and their assertions that Defendants have engaged in unlawful behavior. Among other things, each manufactured home community Defendant unilaterally and independently sets its own monthly space rents; the JLT Market Reports are publicly available for purchase; the underlying information contained in those reports is publicly available; and the rental data disclosed in those reports demonstrate significant variability in pricing.

D. **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiffs assert claims for (i) price-fixing in violation of Section 1 of the Sherman Act (15 U.S.C. § 1) (against all Defendants), (ii) information exchange in violation of Section 1 of the Sherman Act (15 U.S.C. § 1) (against all Defendants), and (iii) unjust enrichment (against all Defendants except Datacomp Appraisal Systems, Inc.). Defendants deny each claim and have

not yet asserted counterclaims, third party claims, or affirmative defenses, although they reserve the right to do so at the appropriate juncture.

### E. What are the principal factual issues?

Though there is disagreement between the parties on the relevance of some of the factual issues listed below, the combined list of principal factual issues the parties have currently identified includes: (i) whether Defendants exchanged non-public, competitively sensitive information; (ii) whether Defendants and their unnamed co-conspirators engaged in a combination or conspiracy to fix, raise, maintain or stabilize manufactured home lot rents; (iii) the duration of any alleged conspiracy and the alleged acts performed by Defendants and their alleged unnamed co-conspirators in furtherance of the alleged conspiracy; (iv) the definition and scope of any relevant geographic and product markets applicable to Plaintiffs' allegations; (v) the effects (if any) on market price and competition of the submission of information to, and purchase of, the JLT Market Reports; (vi) whether the Defendants, individually or collectively, possessed market power in any relevant markets; (vii) the degree to which the evidence relating to each of the foregoing issues varies as between members of the class and between any relevant markets in this case; (viii) whether Plaintiffs and other members of the proposed class were injured as a result of Defendants' alleged conduct; and (ix) the damages, if any, resulting from such conduct.

### F. What are the principal legal issues?

The principal legal issues include: (i) whether Plaintiffs have stated any claims for which relief may be granted; (ii) whether any alleged agreement violated the federal antitrust laws; (iii) whether the *per se* rule, "quick look" approach or the rule of reason applies to Plaintiffs' claims; (iv) whether Defendants, other than Datacomp Appraisal Systems, Inc., were unjustly enriched by their conduct; (v) whether certification of the proposed class is appropriate under Fed. R. Civ.

3

P. 23; (vi) whether Plaintiffs and the proposed class members are entitled to damages, injunctive relief, and/or any other form of relief; and (vii) whether certain Plaintiffs and certain proposed class members are precluded from proceeding under binding arbitration agreements and/or binding class action waivers.

      **G.**      **What relief is the plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).**

Plaintiffs are seeking actual damages—which would be subject to trebling under the antitrust laws—for the proposed class, which cannot be calculated without the aid of discovery, but believe based on the volume of commerce at issue that such damages are in at least the hundreds of millions of dollars. In addition, Plaintiffs seek disgorgement of all amounts by which Defendants have allegedly been unjustly enriched, and an award of reasonable fees and expenses. Plaintiffs also seek injunctive relief concerning the alleged unlawful conduct of Defendants.

      **H.**      **Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.**

All Defendants have been served or waived service of process.

**II.**      **Discovery**

      **A.**      **Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. Fill in the blanks, below.**

<u>Plaintiffs' Position</u>: In the interest of efficiency, Plaintiffs believe that discovery—including the negotiation of proposed orders regarding confidential material, clawback issues, privilege logs, and electronically stored information (ESI)—should proceed immediately. Even if

Plaintiffs' claims are partially dismissed based on the forthcoming motion to dismiss, it is unlikely that the Complaint would be dismissed in its entirety.

Plaintiffs informed Defendants that Plaintiffs would be amenable to limiting discovery to certain discrete categories—about which Plaintiffs would meet and confer with Defendants—but Defendants rejected that offer. Defendants further refused to agree to negotiate proposed orders regarding confidential material, clawback issues, privilege logs, and ESI prior to the motion to dismiss ruling unless Plaintiffs would agree not to serve any discovery requests until after that ruling.

Defendants' Position: Defendants submit there is good cause for the Court to stay discovery until their forthcoming motion to dismiss is decided, and that discovery should proceed only if the motion is denied in whole or in part. Plaintiffs' Consolidated Complaint fails to state a plausible claim for relief pursuant to, among other authorities, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and Defendants will shortly be moving to dismiss the Complaint in its entirety. Given that Plaintiffs are alleging a multiyear, nationwide conspiracy, discovery in this case undoubtedly would be extremely expensive and burdensome. In an effort to compromise and resolve this dispute, Defendants offered to negotiate proposed orders regarding confidential material, expert discovery, claw back issues, privilege logs and electronically stored information, while the motion to dismiss is pending. Plaintiffs rejected Defendants' proposal. Defendants asked Plaintiffs to identify what specific items of discovery they intended to seek while the motion to dismiss was pending. Plaintiffs indicated they were not yet in a position to identify any such categories of information, and therefore, they could not limit at this time the discovery they might seek, while the motion to dismiss is pending. Defendants submit that Plaintiffs' inability to identify the discovery they intend to seek or reach resolution of this issue only highlights the importance of a stay. Defendants plan to file a formal motion to stay discovery next week.

| Event | Deadline – Plaintiffs' Position | Deadline – Defendants' Position |
|---|---|---|
| Initial disclosures due | February 1, 2024 | 21 days after the ruling on the forthcoming motion to dismiss |
| Amendment to the pleadings | 14 days after the close of fact discovery | 180 days after a ruling on the forthcoming motion to dismiss |
| Fact discovery commences | January 5, 2024 | 30 days after a ruling on the forthcoming motion to dismiss (if the motion is denied) |
| Document productions | Substantial completion of rolling document productions: July 19, 2024, or, should Defendants move to stay discovery pending the determination of their motion to dismiss, (a) if the Court determines that discovery should not be stayed, six months following such a ruling or (b) if the Court determines that discovery should be stayed, six months after a ruling on the motion to dismiss | Substantial completion of rolling document productions: 240 days after a ruling on the forthcoming motion to dismiss |
| Completion of fact discovery | Completion of all fact discovery: May 9, 2025 or, should Defendants move to stay discovery pending the determination of their motion to dismiss, (a) if the Court determines that discovery should not be stayed, 15 months following such a ruling or (b) if the Court determines that discovery should be stayed, 15 months after a ruling on the motion to dismiss | 365 days after a ruling on the forthcoming motion to dismiss |

As explained further in Paragraph C below, the parties have different views on how the case schedule should be structured regarding class certification, experts, Daubert motions, and

6

summary judgment. For ease of reading, the parties have included their proposals as two alternatives below:

**Plaintiffs' Proposal:**

| Event | Deadline – Plaintiffs' Position |
|---|---|
| Disclosure of Plaintiffs' expert report(s) | June 9, 2025,[1] or, one month after the close of fact discovery, should fact discovery not commence on January 5, 2024. |
| Disclosure of Defendants' expert report(s) | August 8, 2025, or, three months after the close of fact discovery, should fact discovery not commence on January 5, 2024. |
| Plaintiffs' reply expert report(s) | September 8, 2025, or, four months after the close of fact discovery, should fact discovery not commence on January 5, 2024. |
| All expert depositions completed | November 7, 2025, or, six months after the close of fact discovery, should fact discovery not commence on January 5, 2024. |
| Daubert motions, dispositive motions, class certification motion | January 6, 2026, or, eight months after the close of fact discovery, should fact discovery not commence on January 5, 2024. |

**Defendants' Proposal:**

| Event | Deadline – Defendants' Position |
|---|---|
| Filing of class certification motion | One month after the close of fact discovery |
| Disclosure of Plaintiffs' expert report(s) on Class Certification[2] | One month after the close of fact discovery |
| Last day to depose Plaintiffs' class certification expert(s) | Two months after close of fact discovery |
| Filing of opposition to class certification motion | Three months after close of fact discovery |
| Disclosure of Defendants' Expert Report(s) on class certification | Three months after close of fact discovery |
| Last day to depose Defendants' class certification expert(s) | Four months after close of fact discovery |

---

[1] All dates beginning with this date for the Disclosure of Plaintiffs' Expert Report(s) assume that the Court allows discovery to commence immediately.

[2] The parties reserve the right to file *Daubert* motions concerning experts testifying concerning class certification or merits issues. The parties will meet and confer regarding a schedule for briefing *Daubert* motions should such briefing become necessary.

| | |
|---|---|
| Filing of reply brief in support of class certification motion | Five months after close of fact discovery |
| Disclosure of Plaintiffs' rebuttal expert reports on class certification[3] | Five months after close of fact discovery |
| Last day to depose Plaintiffs' class certification expert(s) concerning rebuttal expert reports | Six months after close of fact discovery |
| Evidentiary hearing concerning class certification | At the Court's discretion after the close of class certification briefing |
| Disclosure of Plaintiffs' Expert Report(s) on Merits[4] | Two months after decision on Class Certification |
| Last day to depose Plaintiffs' Merits Expert(s) | Three months after decision on Class Certification |
| Disclosure of Defendants' Expert Report(s) on Merits | Four months after decision on Class Certification |
| Last day to depose Defendants' Merits Expert(s) | Five months after decision on Class Certification |
| Disclosure of Plaintiffs' Rebuttal Expert Report(s) on the Merits | Six months after decision on Class Certification |
| Last day to depose Plaintiffs' Merits Expert(s) concerning rebuttal expert reports | Seven months after decision on Class Certification |
| Deadline for filing summary judgment motion(s) | Eight months after decision on Class Certification |
| Deadline for filing opposition brief(s) to summary judgment motion(s) | Nine months after decision on Class Certification |
| Deadline for filing reply brief(s) in support of summary judgment motion(s) | Nine months after decision on Class Certification |

**B.    How many depositions do the parties expect to take?**

Given the number of Defendants, Plaintiffs expect to take approximately 50 fact witness depositions (*i.e.*, excluding expert and non-party depositions) but reserve the right to take more if needed.

Defendants believe that 25 depositions per side will be sufficient.

---

[3] All rebuttal expert reports are limited to material that would be disclosed under Fed. R. Civ. P. 26(a)(2)(D)(ii).

[4] The following deadlines assume that the Court grants Plaintiffs' forthcoming class certification motion. Defendants do not believe or concede that a class should be certified.

C. **Do the parties foresee any special issues during discovery?**

Plaintiffs propose Daubert, dispositive, and class certification motions should be briefed and decided simultaneously. Bifurcation of class and merits-related expert discovery would delay the parties' ability to complete expert discovery, brief dispositive motions, and prepare for trial. Here, if all parties participate fully in expert discovery, without artificial delays, Plaintiffs believe that this case can be ready for trial a full year earlier than if expert discovery and motion practice is bifurcated from merits-related expert discovery. On the other hand, if merits-related expert discovery is halted, then the entire schedule will need to be pushed back, creating substantial inefficiencies and the "just, speedy and inexpensive" determination contemplated by the Federal Rules will not be achieved.

Defendants propose that expert discovery and motion practice should be bifurcated to focus initially on issues relevant to class certification prior to engaging in merits-related expert discovery and motion practice. Because class certification is effectively a case-dispositive issue, staging expert disclosure and discovery and motion practice in this way will reduce the burden of merits expert discovery and dispositive motions to the parties and the Court, which may ultimately be unnecessary if Plaintiffs are unable to establish their alleged entitlement to pursue this action on behalf of a class of plaintiffs under Rule 23.

Defendants further submit that Plaintiffs' proposed schedule is completely unworkable. Given that Plaintiffs' expert reports are likely to be extremely data intensive, there is no possibility that Defendants' experts will be able to respond to those reports in two months. Indeed, Plaintiffs have alleged nearly 200 distinct geographic markets which may need to be analyzed and contested by Defendants' experts. It is wholly unreasonable to suggest that type of responsive work can be done in 60 days. Typically, it takes multiple weeks for Plaintiffs' experts just to turn over all their underlying data and programs, and additional time to seek deposition

testimony and other confirmatory discovery documenting that understanding. Given the nature of the economic opinions and statistical analyses usually offered in these cases, Defendants' experts are routinely given several months in order to prepare substantive response reports.

> **D.** **Rule 26(f)(2) requires the parties to propose a discovery plan. See Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. See Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?**
>
> **If the parties do make any proposals, be sure to include them in the proposed order that will be sent to Judge Valderrama's proposed order inbox.**

The parties held a telephonic scheduling conference on December 27, 2023, pursuant to Fed. R. Civ. P. 26(f). The parties have discussed the topics required by Fed. R. Civ. P. 26(f)(3).

- Plaintiffs believe that initial disclosures should be exchanged on February 1, 2024. Defendants believe that, for the same reasons a stay of discovery is appropriate, the initial disclosures should be delayed until 21 days after a ruling on the forthcoming motion to dismiss (and only be required in the event the motion is denied).

- Rule 26(f)(3)(B): Plaintiffs' position is that they require discovery on the factual and legal issues described in Section I.e. and f., *supra*. Defendants' position is that they require discovery on those factual and legal issues described in Section I.e. and f., *supra*, that survive a motion to dismiss.

- Rule 26(f)(3)(C): The parties agree that ESI may be produced in this case. As noted above, Plaintiffs are in the process of drafting a proposed order regarding ESI and will meet and confer with Defendants about it in the near future. The parties agree to work together to resolve any disputes that may arise regarding privilege.

- Rule 26(f)(3)(D): The parties do not anticipate any issues regarding claims of privilege or of protection of trial-preparation materials at this time. Plaintiffs are in the process of drafting proposed orders regarding confidential material, clawback issues, privilege logs, and ESI, and will meet and confer with Defendants about them in the near future. The parties agree to work together to resolve any disputes that may arise regarding privilege.

- Rule 26(f)(3)(E): Due to the number of parties involved in the case and the complexity of the claims, Plaintiffs will seek to exceed the limitation of 10 depositions per side under Rule 30(a)(2)(A)(i). As described above, Defendants agree that the limitation of 10 depositions per side should be exceeded, but disagree with Plaintiffs as to total numbers of depositions that are appropriate.

- Rule 26(f)(3)(F): As noted above, the parties anticipate the need for several orders and will file the appropriate motions requesting the entry of such orders in accordance with the applicable rules.

Plaintiffs believe that, in the interest of efficiency, the parties should negotiate proposed orders regarding confidential material, clawback issues, privilege logs, and ESI prior to the motion to dismiss ruling (irrespective of whether or not discovery itself proceeds prior to that ruling). Defendants do not believe that it would be efficient to address ESI or privilege issues at this time. Since those issues relate to discovery, there is no reason to address them until the Court rules on the forthcoming motion to dismiss and the parties then know whether discovery will need to commence and, if so, to what extent. Nonetheless, Defendants are willing to negotiate those documents while the motion to dismiss is pending in lieu of proceeding with other discovery.

### III. Trial

**A. Have any of the parties demanded a jury trial?**

Plaintiffs have demanded a jury trial.

**B. Estimate the length of trial**

The parties estimate the length of trial would be between four and six weeks.

### IV. Settlement, Referrals, and Consent

**A. Have any settlement discussions taken place? If so, what is the status?**

**Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)**

The parties have not engaged in settlement discussions, nor have Plaintiffs made a demand.

    **B.**    **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

The parties do not request a settlement conference before this Court or the Magistrate Judge at this time. Plaintiffs are available to discuss settlement with any Defendant that would like to do so.

    **C.**    **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

The parties do not unanimously consent to proceeding before the assigned Magistrate Judge for all purposes.

**V.**    **Other**

    **A.**    **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

In light of the nature of the case and the breadth of discovery, Plaintiffs believe that it would be beneficial to have regularly-scheduled status conferences. To start, Plaintiffs suggest that such status conferences be scheduled every other month. The frequency can be increased, as needed, and individual conferences can be adjourned if there are no pressing matters to discuss.

    **B.**    **Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)**

In the interest of efficiency, Defendants have chosen Latham & Watkins LLP to act as liaison counsel for Defendants. Should the Court believe it beneficial, Defendants have no objection to regularly scheduled status conferences beginning once discovery commences.

Dated: January 5, 2024                                       Respectfully submitted,

By: */s/ Lawrence E. Buterman*                    By: */s/ Brian M. Hogan*

**LATHAM & WATKINS LLP**                      **DICELLO LEVITT LLP**

Lawrence E. Buterman (pro hac vice)
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212-906-1200
lawrence.buterman@lw.com

Sadik Huseny (pro hac vice)
300 Colorado St., Suite 2400
Austin, TX 78701
Telephone: 737-910-7300
sadik.huseny@lw.com

Belinda S Lee (pro hac vice)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415-391-0600
belinda.lee@lw.com

Brittany M. Liesman (IL 6336682)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312-777-7110
brittany.liesman@lw.com

*Attorneys for Defendants Datacomp Appraisal Systems, Inc. and Equity LifeStyle Properties, Inc.*

**HONIGMAN LLP**

By: */s/ David Ettinger*
David Ettinger (pro hac vice)
660 Woodward Avenue
Detroit, MI 48226
Telephone: 313-465-7368
dettinger@honigman.com

William B. Berndt
155 North Upper Wacker Drive
Suite 3100
Chicago, IL 60606
Telephone: 312-701-9376
wberndt@honigman.com

*Attorneys for Defendant RHP Properties, Inc.*

**ARMSTRONG TEASDALE LLP**

Brian M. Hogan (Liaison Counsel)
Adam J. Levitt
John E. Tangren
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Telephone: 312-214-7900
bhogan@dicellolevitt.com
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com

Gregory S. Asciolla
Karin E. Garvey
Jonathan S. Crevier
Noah Cozad
485 Lexington Avenue, Suite 1001
New York, NY 10017
Telephone: 646-933-1000
gasciolla@dicellolevitt.com
kgarvey@dicellolevitt.com
jcrevier@dicellolevitt.com
ncozad@dicellolevitt.com

**HAUSFELD LLP**

Reena Gambhir
888 16th Street NW, Suite 300
Washington, DC 20006
Telephone: 202-540-7200
rgambhir@hausfeld.com

Scott Martin
Kyle G. Bates
Kartik S. Madiraju
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: 646-357-1100
smartin@hausfeld.com
kbates@hausfeld.com
kmadiraju@hausfeld.com

Megan Jones
600 Montgomery Street, #3200
San Francisco, CA 94111
Telephone: 415-633-1908
mjones@hausfeld.com

13

By: */s/ Stephen J. Siegel*
Stephen J. Siegel
100 North Riverside Plaza
Chicago, Illinois 60606
Telephone: 312-419-6900
SSiegel@atllp.com

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

**HOGAN LOVELLS US LLP**

William L. Monts III
555 Thirteenth Street NW
Washington, D.C. 20004
Telephone: 202-637-5600
william.monts@hoganlovells.com

*Attorneys for Defendant Cal-Am Properties, Inc.*

**MUCH SHELIST, P.C.**

By: */s/ Steven Blonder*
Steven Blonder
Laura Elkayam
191 North Wacker Drive
Suite 1800
Chicago, IL 60606
Telephone: 312-521-2402
sblonder@muchlaw.com
lelkayam@muchlaw.com

*Attorneys for Defendant Kingsley Management, Corp.*

**WINSTON & STRAWN LLP**

By: */s/ James F. Herbison*
James F. Herbison
Michael P. Mayer
35 West Wacker Drive
Chicago, IL 60601
Telephone: 312-558-5600
JHerbison@winston.com
MMayer@winston.com

*Attorneys for Defendant Hometown America Management, L.L.C.*

**BRYAN CAVE LEIGHTON PAISNER**

By: /s/ *Timothy R. Beyer*
Timothy R. Beyer
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: 303-866-0481
Tim.beyer@bclplaw.com

Sarah L. Hartley
1155 F Street N.W.
Washington, D.C. 20004
Telephone: 303-866-0363
Sarah.hartley@bclplaw.com

Ashley Hyun-Jeong Kim
161 N. Clark Street, Suite 4300
Chicago, IL 60601
Telephone: 312-602-5113
Ashley.kim@bclplaw.com

*Attorneys for Defendant Inspire Communities, LLC*

**SIMPSON THACHER & BARTLETT LLP**

By: /s/ *John Terzaken*
John Terzaken (pro hac vice)
Abram J. Ellis (pro hac vice)
Joshua Hazan (pro hac vice)
900 G Street NW
Washington, D.C. 2001
Telephone: 202-636-5579
john.terzaken@stblaw.com
aellis@stblaw.com
Joshua.hazan@stblaw.com

**TAFT STETTINIUS & HOLLISTER LLP**

Kim R. Walberg
Elizabeth A. Winkowski
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: 312-527-4000
kwalberg@taftlaw.com
ewinkowski@taftlaw.com

*Attorneys for Defendant Sun Communities, Inc.*

**SHOOK, HARDY & BACON L.L.P.**

<u>By: /s/ Lynn H. Murray</u>
Lynn H. Murray
Kailin Liu
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Telephone: 312-704-7700
lhmurray@shb.com
kliu@shb.com

Ryan M. Sandrock
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: 415-544-1900
rsandrock@shb.com

*Attorneys for Defendant Lakeshore Communities, Inc.*

**WILLIAMS & CONNOLLY LLP**

By: <u>/s/ Jonathan B. Pitt</u>
Jonathan B. Pitt
680 Maine Avenue SW
Washington, D.C. 20024
Telephone: 202-434-5000
jpitt@wc.com

*Attorney for Defendant Yes Communities, LLC*

**SIVYER BARLOW WATSON & HAUGHEY, P.A.**

By: <u>/s/ Mahlon H. Barlow</u>
Mahlon H. Barlow
Truist Place
401 E. Jackson St., Suite 2225
Tampa, Fla 33602
Telephone: 813-221-4242
mbarlow@sbwhlegal.com

*Attorney for Defendant Murex Properties, L.L.C.*

## EXHIBIT A

Additional counsel of record for Plaintiffs are:

**MYRON M. CHERRY & ASSOCIATES LLC**

Myron M. Cherry
Jacie Zolna
Benjamin Swetland
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Telephone: 312-372-2120
mcherry@cherry-law.com
jzolna@cherry-law.com
bswetland@cherry-law.com

**EDELSON LECHTZIN LLP**

Marc H. Edelson
Eric Lechtzin
411 S. State Street
Suite N-300
Newtown, PA 18940
Telephone: 215-867-2399
medelson@edelson-law.com
elechtzin@edelson-law.com

**LOWEY DANNENBERG P.C.**

Vincent Briganti
Raymond Girnys
Nicole A. Veno
44 South Broadway
White Plains, NY 10601
Telephone: 914-997-0500
vbriganti@lowey.com
rgirnys@lowey.com
nveno@lowey.com

**GRABAR LAW OFFICE**

Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 267-507-6085
jgrabar@grabarlaw.com

**CAPUTO & MARIOTTI, P.C.**

Joseph E. Mariotti
730 Main Street Moosic, PA 18507
Telephone: 570-342-9999
jmariotti@caputomariotti.com

**CLIFFORD LAW OFFICES**

Shannon M. McNulty
120 N. LaSalle Street
Suite 3700
Chicago, IL 60602
Telephone: 312-899-9090
smm@cliffordlaw.com

**NEAL & HARWELL, PLC**

Charles Barrett
Daniella Bhadare-Valente
1201 Demonbreun St.
Suite 1000
Nashville, TN 37203
Telephone: 615-244-1713
cbarrett@nealharwell.com
dbhadare-valente@nealharwell.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

Heidi M. Silton
Jessica N. Servais
Joseph C. Bourne
Eura Chang
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com
echang@locklaw.com

**FREED KANNER LONDON & MILLEN LLC**

Kimberly A. Justice
923 Fayette Street
Conshohocken, Pennsylvania 19428

Telephone: 610-234-6487
kjustice@fklmlaw.com

Michael Moskovitz
Robert Wozniak
Nia Barberousse Binns
100 Tri-State Dr, 128
Lincolnshire, Illinois 60069
Telephone: 224-632-4500
mmoskovitz@fklmlaw.com
rwozniak@fklmlaw.com
nbinns@fklmlaw.com

**REINHARDT WENDORF & BLANCHFIELD**

Garrett D. Blanchfield
222 So. 9th Street, Suite 1600
Minneapolis, MN 55402
Telephone: 651-287-2100
g.blanchfield@rwblawfirm.com

**SPECTOR ROSEMAN & KODROFF PC**

William G. Caldes
2001 Market Street Suite 3420
Philadelphia, PA 19103
Telephone: 215-496-0300
bcaldes@srkattorneys.com