UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE MANUFACTURED HOME LOT )
RENTS ANTITRUST LITIGATION )
) No. 23-cv-06715
)
) Judge Franklin U. Valderrama
)
) Magistrate Judge Beth W. Jantz

**ORDER**

For the following reasons, Defendants' Motion to Stay Discovery [144] is granted. The parties are ordered to file a joint status report by 10/10/24 or within 21 days of the District Judge's ruling on the pending motions to dismiss [dkt. 151, 154], whichever comes first. If all parties seek assistance from the Court with settlement negotiations in the interim, they may email this Court's courtroom deputy to set a telephonic status to discuss logistics.

Defendants seek to stay discovery in this case pending ruling on their motions to dismiss. When determining whether to stay discovery during the pendency of a motion to dismiss, courts consider: (1) whether a stay will prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court. *Liggins v. Reicks*, Case No. 3:19-cv-50303, 2021 WL 2853359, at *1 (N.D. Ill. Jul. 8, 2021). The second factor cuts against staying discovery in this case, as the motions to dismiss in this case go to the merits of Plaintiffs' claims and do not raise the type of threshold issue that normally justifies staying discovery during the pendency of a motion to dismiss. *Cf. id.*, at *3 (decision on qualified immunity "could dispose of the entire case or narrow the issues significantly," cutting in favor of granting stay). On the other hand, as to the first factor, the Court does not believe that a stay would significantly prejudice Plaintiffs. There is

1

no significant or concrete risk that evidence will be lost or destroyed during the stay, and Plaintiffs will be able to litigate their case on any remaining claims following the stay. Plaintiffs make generalized arguments that memories might fade and evidence may be lost, but point to no specific, concrete risk that would justify a stay. And, as to the third factor, the Court concludes that a stay will reduce the burden of litigation on the parties and the Court. In large, complex antitrust cases such as the case here, courts in this District have granted discovery stays where discovery would be highly burdensome and a motion to dismiss is pending. *See, e.g., DSM Desotech Inc. v. 3D Sys. Corp.*, Case No. 08-cv-1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) ("Recognition by the courts of the hefty costs associated with antitrust discovery is not . . . tantamount to an automatic prohibition on discovery in every antitrust case where defendants challenge the sufficiency of a complaint," but "[s]uch recognition does, however, suggest that the court should be particularly mindful of the course of discovery it will authorize in antitrust cases"). The detailed, multiple declarations attached to Defendants' reply brief provide that responding to Plaintiffs' discovery requests, as drafted, would require thousands of work-hours and millions of dollars to complete. [Dkt. 168.] Defendants here have demonstrated that discovery in this case would be "especially burdensome and costly," and "extensive, voluminous, and expensive to produce." *See DSM Desotech,* 2008 WL 4812440, at *2-3.

      Because the burden of doing discovery now is so high and the prejudice to Plaintiffs is relatively small, the Court believes a stay of discovery is warranted until the motions to dismiss are decided. Defendants' Motion to Stay Discovery [144] is therefore granted.

E N T E R:

Dated: April 10, 2024

*[signature: Beth W. Jantz]*

BETH W. JANTZ
United States Magistrate Judge