**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| IN RE MANUFACTURED HOME LOT RENTS ANTITRUST LITIGATION | Case No. 1:23-cv-06175 |
|  | District Judge Franklin U. Valderrama |
|  | Magistrate Judge Beth W. Jantz |

**DEFENDANT RIVERSTONE COMMUNITIES, LLC'S MOTION TO DISMISS UNDER
RULES 12(b)(2) AND 12(b)(3)**

Defendant Riverstone Communities, LLC ("Riverstone"), by and through the undersigned

counsel, moves to dismiss the Second Amended Consolidated Class Action Complaint (Dkt. #221,

"SAC") of Plaintiffs Steven Brown, Todd Caldwell, Mary Galusha, Carla Hajek, David Klein,

Colleen Levins, Ronald Kazmirzak, Kevin McDonough, Luis Melendez, Charles Neville, Deborah

Norvise, Carol Rachelle Roach, Barbara Rowley, and Amber Sailer (together, "Plaintiffs") for the

reasons set forth in the Defendants' concurrently filed Motion to Dismiss Second Amended Class

Action Complaint. Riverstone separately files this brief because it also moves to dismiss the SAC

pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3). In support of this Motion, Riverstone

states as follows:

## I.   INTRODUCTION

Plaintiffs bring this antitrust class action lawsuit pursuant to Sections 4 and 16 of the

Clayton Act (15 U.S.C. §§ 15 and 26) against owners and operators of manufactured home lots

("Defendants"). SAC ¶ 13. Plaintiffs allege Defendants engaged in a conspiracy to "reduce or

eliminate competition amongst themselves on price, services, and quality for manufactured home

lots." SAC ¶ 7.

Riverstone moves to dismiss under Rule 12(b)(2) because this Court lacks personal jurisdiction over it. Riverstone does not conduct any business in Illinois and otherwise has no connection to Illinois. Even if jurisdiction existed, the case against Riverstone should still be dismissed under Rule 12(b)(3) for improper venue.

## II.    BACKGROUND

Riverstone is a Michigan limited liability company with its principal office in Bloomfield Hills, Michigan. (SAC ¶ 45). Riverstone operates—but does not own—manufactured housing and RV communities in fourteen U.S. states—none of which include the State of Illinois. *See* **Exhibit A**, Declaration of James Bellinson ¶¶ 4, 6 ("Bellinson Decl."). Riverstone owns no real or personal property in Illinois. *Id.* ¶ 7. Riverstone has no employees who live or work in Illinois. *Id.* ¶ 9. Riverstone does no marketing or promotion in Illinois. *Id.* ¶ 12. Riverstone has no registered agent in Illinois. *Id.* ¶ 10. Riverstone has no offices, facilities, mailing addresses, or telephone listings in the State of Illinois. *Id.* ¶ 8. Indeed, Riverstone does not conduct—nor has it ever conducted— business of any kind in Illinois. *Id.* ¶ 5.

## III.    ARGUMENT

A motion to dismiss under Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, 451 F. Supp. 3d 881, 884 (N.D. Ill. 2020). The plaintiff bears the burden of establishing personal jurisdiction when the existence of personal jurisdiction is challenged. *Id.* Where, as here, a defendant submits affidavits or other evidence in opposition to the Court's jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *See id.* If the plaintiff fails to refute a fact contained in the defendant's affidavit, that fact is accepted as true. *Id.* In deciding a Rule 12(b)(2) motion, the Court must determine whether any material facts are in dispute. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). If they are, the Court must

hold an evidentiary hearing to resolve them, at which point the party asserting personal jurisdiction must prove what it alleged. *Id.*

### A.     The Court Lacks Personal Jurisdiction Over Riverstone.

Federal courts follow the forum state's law regarding personal jurisdiction. *Peters v. Sloan*, 762 Fed. Appx. 344, 346 (7th Cir. 2019) (citing *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Illinois authorizes its courts to exercise jurisdiction over an out-of-state defendant only when that defendant has "minimum contacts with the forum state such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912-13 (7th Cir. 2015) (brackets and citations omitted). Personal jurisdiction comes in two forms. For general (all-purpose) jurisdiction, the defendant's "continuous and systematic" contacts must put it "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). For specific personal jurisdiction, the defendant's connections to forum state must give rise to the events that form the basis of the suit. *Id.* at 127.

### 1.     The Court Lacks General Jurisdiction Over Riverstone.

Exercising general jurisdiction over a nonresident is proper only when its affiliations with the forum state are so "continuous and systematic" as to render it "essentially at home" in the forum state. *GoldenTree Asset Mgmt. LP v. BNP Paribas S.A.*, 64 F. Supp. 3d 1179, 1188 (N.D. Ill. 2014). The general jurisdiction threshold "is a fairly high [one]." *Rohde v. Cent. R.R. of Ind.*, 930 F. Supp. 1269, 1271 (N.D. Ill. 1996). Here, no basis exists for finding general jurisdiction over Defendant, a Michigan-based entity which owns no property in Illinois, has no employees in Illinois, does no marketing or promotion in Illinois, and does no business whatsoever in Illinois. *See* Ex. A, Bellinson Decl. ¶¶ 3-14.

2. <u>The Court Lacks Specific Jurisdiction Over Riverstone.</u>

Specific jurisdiction focuses on the relationship among the defendant, the forum, and the litigation. *Mold-A-Rama*, 451 F. Supp. 3d at 889. The defendant's contacts with the forum state must directly relate to the conduct or transaction at issue in the litigation. *Id.* Specific jurisdiction exists where: (1) the defendant has purposefully directed its activities at the forum state or purposefully availed itself of the privilege of conducting business in that state; and (2) the alleged injury arises out of the defendant's forum-related activities. *Id.* (quoting *Tamburo*, 601 F.3d at 702). Further, the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Id.*

The SAC does not allege that Riverstone operates any manufactured home communities in Illinois, has any offices, employees, or agents in Illinois, advertises in Illinois or solicits business from Illinois residents, is registered to do business in Illinois, or that any named Plaintiff resides in a Riverstone-operated community. The SAC's only specific reference to Riverstone is that it is listed as a client of Datacomp on Datacomp's website. The SAC does not allege that Riverstone purchased or used any Datacomp reports relating to Illinois properties or markets, or that Riverstone exchanged any competitively sensitive information with any other defendant concerning Illinois properties or markets.

Thus, the Court lacks specific jurisdiction over Riverstone. In the absence of general or specific personal jurisdiction over Riverstone, the Court must dismiss Plaintiffs' claims against it. *See, e.g.*, *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706-07 (7th Cir. 2019) (affirming dismissal under 12(b)(2)).

**B.      This Case Should Be Dismissed for Improper Venue Under Rule 12(b)(3).**

Plaintiffs invoke Section 12 of the Clayton Act, 15 U.S.C. § 22, as the basis for personal jurisdiction over Riverstone. SAC ¶ 15. That reliance is fatal to their claims against Riverstone

4

unless Plaintiffs also satisfy Section 12's venue requirements. Under binding Seventh Circuit precedent, Section 12 operates as a "package deal": a plaintiff may invoke its nationwide service provision only if venue is proper in the District of suit under Section 12's venue clause. *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 724–31 (7th Cir. 2013). Plaintiffs may not "mix and match" nationwide service under Section 12 with general venue principles under 28 U.S.C. § 1391. *Id.*

Section 12 permits suit against a corporate defendant only in a judicial district where it (1) "is an inhabitant," (2) "is found," or (3) "transacts business." 15 U.S.C. § 22; *KM Enters.*, 725 F.3d at 723. A corporation is an "inhabitant" only of its state of incorporation; it is "found" where it is physically present and carries on continuous local activities; and it "transacts business" only where it engages in the "practical, everyday business or commercial concept of doing or carrying on business of any substantial character" in the district. *Indus. Models, Inc. v. SNF, Inc.*, No. 14-c-8340, 2015 WL 2399089, at *3 (N.D. Ill. May 18, 2015) (quoting *KM Enters.*, 725 F.3d at 731); *see also United States v. Scophony Corp.*, 333 U.S. 795, 807–10 (1948); *Eastman Kodak Co. v. S. Photo Materials Co.*, 273 U.S. 359, 370–74 (1927).

None of these requirements are met here. Riverstone is a Michigan limited liability company based in Bloomfield Hills, Michigan. SAC ¶ 45. Riverstone is not an inhabitant of Illinois. Ex. A., Bellinson Decl. ¶¶ 3-14. It is not present in this District and does not carry on continuous local activities here. *Id.* And it does not transact business in Illinois—let alone business "of any substantial character" as Section 12 requires; Riverstone has no Illinois communities, offices, employees, property, bank accounts, or leasing or marketing in or directed towards Illinois, and it does not operate or lease manufactured-home lots in Illinois at all. *Id.; see Indus. Models*, 2015 WL 2399089, at 3.

Plaintiffs attempt to paper over these defects with conclusory allegations that each defendant, including Riverstone, "transacted business," leased mobile home lots, and participated in a conspiracy with effects "throughout the United States." SAC ¶ 15. Such boilerplate assertions—untethered to any facts showing Riverstone's actual business activity in this District—are insufficient to establish venue under Section 12 or personal jurisdiction predicated on it. *See KM Enters.*, 725 F.3d at 731 (affirming dismissal where allegations failed to show substantial business activity in the forum). Because venue is not proper under Section 12, Plaintiffs cannot invoke its nationwide service provision, and personal jurisdiction necessarily fails as well.

But even putting personal jurisdiction aside, here, improper venue alone requires dismissal. Where venue is "wrong or improper," Rule 12(b)(3) mandates dismissal (or, in limited circumstances, transfer under 28 U.S.C. § 1406(a)). *Atlantic Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55–59 (2013). Whether venue is proper turns exclusively on the governing venue statute—not on convenience or equitable considerations. *Id.* The Seventh Circuit routinely affirms Rule 12(b)(3) dismissals where, as here, the plaintiff fails to satisfy the applicable venue statute. *E.g.*, *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806–09 (7th Cir. 2011).

Accordingly, Plaintiffs' claims against Riverstone must be dismissed for improper venue under Rule 12(b)(3).

## IV.     CONCLUSION

For the foregoing reasons, this case should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction over Riverstone or, alternatively, under Rule 12(b)(3) for improper venue. In addition, the Court should dismiss the SAC under Rule 12(b)(6) for the reasons set forth in the concurrently filed Defendants' Motion to Dismiss Second Amended Consolidated Class Action

Complaint, which Riverstone joins.

Dated: March 31, 2026

Respectfully submitted,
*/s/Ian H. Fisher*

Ian H. Fisher (ARDC #6224920)
ifisher@taftlaw.com
Devin F.J. Haymond (ARDC #6336019)
dhaymond@taftlaw.com
**TAFT STETTINIUS & HOLLISTER LLP**
111 East Wacker Drive, Suite 2600
Chicago, IL 60601-4208
Telephone: (312) 527-4000

Daniel R. Warncke (*pro hac vice* forthcoming)
warncke@taftlaw.com
**TAFT STETTINIUS & HOLLISTER LLP**
301 E. 4th Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 381-2838

*Counsel for Defendant*
*Riverstone Communities, LLC*

7

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 31, 2026, a true and correct copy of the foregoing was filed with the Court's electronic filing system, which will automatically serve all parties of record.

/s/ *Ian H. Fisher*
*One of the Attorneys for Defendant*
*Riverstone Communities, LLC*